J-S17008-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HAROLD ROBERT BURTON | : | |
| | : | |
| Appellant | : | No. 2691 EDA 2023 |

Appeal from the PCRA Order Entered September 26, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0005776-2016

BEFORE:  BOWES, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BOWES, J.:                           **FILED JUNE 12, 2024**

Harold Robert Burton appeals from the order dismissing as untimely his second petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

The PCRA court summarized the background of this matter as follows:

> A jury found [Appellant] guilty of drug delivery resulting in death, criminal use of a communications facility[,] and possession with intent to deliver a controlled substance.  Th[e PCRA] court sentenced him on October 31, 2018, to an aggregate term of [thirteen] to [thirty-five] years in a state correctional institution.  The Superior Court affirmed [Appellant]'s judgment of sentence on direct appeal and our Supreme Court declined review on April 6, 2021.  **Commonwealth v. Burton**, 234 A.3d 824 (Pa.Super. 2020), *appeal denied*, 252 A.3d 234 (Pa. 2021).
>
> [Appellant] filed a *pro se* PCRA petition on April 29, 2021.  Th[e PCRA] court appointed counsel, but following a **Grazier**

hearing[1] granted [Appellant]'s request to represent himself. In an amended and later supplemented *pro se* petition, [Appellant] alleged counsel ineffectiveness and judicial bias. The Commonwealth opposed relief and th[e PCRA] court denied the petition after a hearing. The Superior Court affirmed that decision on January 11, 2023, and our Supreme Court declined review on July 18, 2023. ***Commonwealth v. Burton***, 292 A.3d 1092 (Pa.Super. 2023), *appeal denied*, 301 A.3d 864 (Pa. 2023).

[Appellant] filed a "Second or Subsequent Petition for Post Conviction Collateral Relief Pursuant to 42 Pa.C.S. §[§] 9541-9546," on July 27, 2023. In summary, he alleged (1) trial counsel failed to request a jury instruction on mistake of fact, (2) trial counsel failed to request a jury instruction on the victim's actions in relation to causation[,] and (3) he is serving a sentence greater than the lawful maximum. He also requested the recusal of the [PCRA judge] on the basis of alleged partiality.

Th[e PCRA] court denied the recusal request on August 28, 2023, and gave [Appellant] notice of its intent to dismiss the instant petition [pursuant to Pa.R.Crim.P. 907 ("Rule 907 notice")] due to untimeliness. After considering [Appellant]'s response to the [Rule 907] notice, [which also newly asserted a claim of interference by a government official,] th[e PCRA] court dismissed the instant petition[.]

PCRA Court Opinion, 12/7/23, 1-2 (cleaned up).

Appellant filed a timely *pro se* notice of appeal. The PCRA court did not order him to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and none was filed. The PCRA court authored a Rule 1925(a) opinion explaining its rationale for dismissing the petition. Appellant presents a single issue for our review:

1. Whether the PCRA court erred in dismissing Appellant's second or subsequent PCRA petition by concluding that [Appellant] is not entitled to the post-conviction relief he seeks

---

[1] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998) (requiring an on-the-record determination as to voluntariness of waiver of counsel).

- 2 -

under the PCRA, because jurisdiction is lacking over this untimely petition, where the statute's plain language and structure demonstrate that 42 Pa.C.S. § 9545(b)'s time limits are not jurisdictional.

Appellant's brief at 1-2 (cleaned up).

This Court addresses the propriety of the PCRA court's dismissal order as follows: "In general, we review an order dismissing or denying a PCRA petition as to whether the findings of the PCRA court are supported by the record and are free from legal error." **Commonwealth v. Howard**, 285 A.3d 652, 657 (Pa.Super. 2022) (cleaned up). "As to legal questions, we apply a *de novo* standard of review to the PCRA court's legal conclusions[.]" **Id**. (citation omitted).

We first determine whether Appellant's petition was timely, because neither this Court nor the PCRA court has jurisdiction to consider the merits of any claims raised in an untimely PCRA petition. **See Commonwealth v. Ballance**, 203 A.3d 1027, 1030-31 (Pa.Super. 2019). In this respect, the PCRA provides as follows:

> Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, **unless the petition alleges** and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

- 3 -

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b) (emphasis added). Any petitioner invoking one of these exceptions must file a petition "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). Additionally, this Court has stated that the petitioner "bears the burden of pleading and proving an applicable statutory exception." *Commonwealth v. Pew*, 189 A.3d 486, 488 (Pa.Super. 2018).

Since Appellant did not appeal his judgment of sentence to the Supreme Court of the United States, the judgment became final on July 5, 2021, ninety days after our Supreme Court declined review. *See* 42 Pa.C.S. § 9545(b)(3) (explaining that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); U.S. Sup. Ct. R. 13(1) ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review"). There is no dispute that the instant petition, filed in July 2023, was facially untimely. Therefore, Appellant had the burden to plead and prove one of the enumerated exceptions to the PCRA's time bar in his petition before the PCRA court could consider the merits of any of his claims.

- 4 -

Based upon our review of the petition, it is plain that Appellant did not invoke any exceptions to the timeliness requirement, other than averring that a "miscarriage of justice" should permit review of his claims. **See** PCRA Petition, 7/27/23, at 3-4. However, this is insufficient to satisfy a timeliness exception. **See Commonwealth v. Burton**, 936 A.2d 521, 527 (Pa.Super. 2007) (stating that "the courts of Pennsylvania will only entertain a 'miscarriage of justice' claim when the initial timeliness requirement is met"). Therefore, the PCRA court did not err in concluding that the petition was untimely and that Appellant had failed to plead or prove an exception.[2]

However, that does not end our review. In response to the PCRA court's Rule 907 notice and again in this Court, Appellant challenges the constitutionality of the PCRA's time-bar. We have jurisdiction to address this claim irrespective of the timeliness of the underlying petition. **See**, **e.g.**, **Commonwealth v. Branthafer**, ___ A.3d ___, 2024 WL 1472452 (Pa.Super. 2024) (considering the petitioner's attack on the constitutionality to the PCRA's timeliness requirements in addition to concluding that the underlying petition was untimely).

---

[2] The fact that Appellant belatedly attempted to raise the governmental interference exception in response to the court's Rule 907 notice does not alter this conclusion, since he was not given leave to amend the petition. **See Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa.Super. 2007) (concluding that this Court lacked jurisdiction to review any claims in an untimely petition that did not set forth any exceptions to the time bar, despite raising them on appeal).

Our High Court has directed that "we must presume that statutes are constitutional and require those challenging the constitutionality of a statute to demonstrate that it clearly, plainly, and palpably violates the constitution." **Commonwealth v. Berry**, 167 A.3d 100, 104 (Pa.Super. 2017) (citation omitted). Further, "the party challenging a statute's constitutionality bears a heavy burden of persuasion." **Commonwealth v. Pitt**, ___ A.3d ___, 2024 WL 1291959, at *5 (Pa.Super. 2024) (citation omitted).

In his brief, Appellant argues that we should disregard the proclamation made by the Pennsylvania Supreme Court in **Commonwealth v. Peterkin**, 722 A.2d 638, 643 (Pa. 1998), that the PCRA's timeliness requirement is jurisdictional in nature. More specifically, he contends that this holding is faulty because it is *dicta*, inconsistent with the plain language of the statute, and goes against the legislative intent. **See** Appellant's brief at 8-18. Further, Appellant avers that other jurisdictions do not interpret their post-conviction relief statutes to include a time-bar that is jurisdictional or disallowing of equitable tolling. **Id**. at 18-22. Finally, he maintains that the Pennsylvania courts' reliance on this rule has caused the denial of justice for other petitioners who could not fairly present their claims, and will do the same to him. **Id**. at 9-10, 26.

The PCRA court's opinion focused primarily on the timeliness of the underlying petition. However, as to Appellant's challenge to the constitutionality of the PCRA's jurisdictional time-bar, it opined that "the PCRA time limitation period long has been held to pass constitutional muster." PCRA

- 6 -

Court Opinion, 12/7/23, at 5 (citing **Peterkin** and **Commonwealth v. Tedford**, 228 A.3d 891, 907 (Pa. 2020)).  We agree.

It is long-established that this Court "is bound by existing precedent under the doctrine of *stare decisis* and continues to follow controlling precedent as long as the decision has not been overturned by our Supreme Court."  **Commonwealth v. Reed**, 107 A.3d 137, 143 (Pa.Super. 2014).  Since the decision of **Peterkin** in 1988, we have continually interpreted the PCRA as conferring jurisdiction only if the time-bar is satisfied.  **See**, **e.g.**, **Branthafer**, 2024 WL 1472452, at *4 ("Thus, bound by the decisions of our Supreme Court, we continue to adhere to the principle that the PCRA time limitation is jurisdictional in nature").  Accordingly, we decline Appellant's invitation to deviate from **Peterkin** and other binding precedent.  Although he cites to secondary sources that have criticized the holding in **Peterkin**, he has not advanced any cases indicating that the decision has been overturned, nor has he raised any new argument that meets his "heavy burden of persuasion" in convincing us that the ruling is facially unconstitutional.  **Pitt**, 2024 WL 1291959, at *5.

Furthermore, as the PCRA court noted, this is not a circumstance where the jurisdictional time-bar denied Appellant from fairly presenting his post-conviction claims, as he had the ability to fully litigate any matters concerning the effectiveness of trial and direct appeal counsel or the legality of his sentence in his first PCRA petition.  **See** Trial Court Opinion, 12/7/23, at 5 n.5

(stating that Appellant "failed to address why he could not have brought the instant claims in his first, timely petition").

In sum, Appellant has failed to convince us that the PCRA court erred and that relief is due. Therefore, we affirm the order dismissing his petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/12/2024